**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

CHRIS FAABORG,

    Plaintiff;

vs.

    Case No.: 5:19-cv-61-TBR

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff, Chris Faaborg (hereinafter "**Plaintiff**" or "**Mr. Faaborg**"), by and through his attorneys, and for his Complaint against Defendant, United of Omaha Life Insurance Company (hereinafter "**Defendant**" or "**United of Omaha**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Pandi Capital, LLC's Long-Term Disability Plan and corresponding insurance policy (**Policy No.: GLTD-AW2R**) (hereinafter the "**Plan**" and the "**Policy**," respectively); which was (and is) underwritten, administered and/or managed by United of Omaha for the benefit of certain employees of Pandi Capital, LLC and/or certain related or affiliated entities. In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of

the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **United of Omaha Claim No.: 172560005702**.

3. Venue is proper in the Western District of Kentucky, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Mr. Faaborg resides in Hardin, Kentucky, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place within the Western District of Kentucky.

5. At all times relevant hereto, Mr. Faaborg was an "employee" of Novation iQ, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as a Production Leader; however, due to his established disability, he last worked there on or about August 24, 2017.

6. At all times relevant hereto, Pandi Capital, LLC was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant United of Omaha was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy; alternatively, or in addition, United of Omaha was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record and therefore alleged that

United of Omaha has a financial conflict of interest/bias, since it is the ultimate decision-maker (claims administrator, claims-review fiduciary, and/or claims fiduciary) and the payer/funding source for any benefits.

8.  At the times relevant hereto, Defendant United of Omaha acted as agent for the Plan and for Plan Sponsor/Plan Administrator Pandi Capital, LLC.

9.  Under the Plan and/or Policy, Pandi Capital, LLC delegated or assigned to Defendant United of Omaha the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment with Novation iQ, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. According to United of Omaha, the Plan/Policy provided that, for the first 24 months of benefits being paid, the analysis of the term "Disability" turns on whether Plaintiff has an injury or sickness that prevents him "from performing at least one of the Material Duties of [his] Regular Occupation . . . and [he is] unable to generate Current Earnings which exceed 99% of [his] Basic Monthly Earnings due to that same Injury or Sickness."

**STATEMENT OF FACTS**

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is 57 years old, and his date of birth is in July, 1961.

15. Plaintiff worked for Novation iQ as a Production Leader beginning in 2015. When he last worked there, he was earning a salary of approximately $76,500.00.

16. Owing to his established medical disability, Mr. Faaborg's last day of work was on or about August 24, 2017.

17. The medical conditions that form the basis for Plaintiff's disability are multi-faceted and include without limitation the following: amnesia, memory loss and cognitive deficits; loss of balance; slurred speech; dizziness; as well as chronic low back pain (degenerative discs), chronic insomnia, and severe obstructive sleep apnea with associated hypoxia.

18. After he could no longer perform his work for Novation iQ, Mr. Faaborg applied for and received short-term disability ("STD") benefits, through and approved by United of Omaha. STD benefits were paid for three months, running from approximately September 4, 2017 through December 3, 2017.

19. After that, his medical condition not having improved, and based on his employment at Novation iQ, Mr. Faaborg was eligible and applied for LTD benefits, this also through United of Omaha. However, United of Omaha denied LTD benefits altogether. The initial denial letter was dated February 26, 2018.

20. Despite due appeal(s) by or on behalf of Plaintiff, United of Omaha has continued to deny LTD benefits. The final denial letter was dated November 28, 2018.

21. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical provider(s), who have confirmed his continuing inability to work.

24. Also, Mr. Faaborg has been found to qualify for Social Security disability (SSD) benefits. By Notice of Award dated May 22, 2018, Mr. Faaborg was found disabled by the Social Security Administration (SSA)—effective as of August 28, 2017. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

25. Under any ERISA standard of review that may apply[1], the position taken by United of Omaha in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The "Own Occupation" review, analysis and decision by United of Omaha were wrong, as well as arbitrary and capricious, under the circumstances presented.

---

[1] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

26. Further, United of Omaha's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

27. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. He is also entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same. This includes without limitation benefits once the applicable Plan/Policy definition of Disabled/Disability shifts to the "any Gainful Occupation" definition (in or about December, 2019).

28. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

30. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA. This count is intended to cover all cause(s) of action that are available to a Plan

participant under 29 U.S.C. § 1132(a); this to include — provided applicable and necessary to afford complete relief — a cause of action for breach of fiduciary duty.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan/Policy; this includes without limitation benefits once the applicable Plan/Policy definition of Disabled/Disability shifts to the "any Gainful Occupation" definition (in or about December, 2019).

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

C. That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant renders and provides a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate

---

[3] *See, Curtis v. Lincoln Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

and just; and

G.     Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 23rd day of April, 2019.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, Ky. Bar No. 97985
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com